**IN THE COURT OF APPEALS OF IOWA**

No. 21-1539
Filed January 27, 2022

**IN THE INTEREST OF N.B.,**
**Minor Child,**

**L.W., Mother,**
 Appellant.

_____

 Appeal from the Iowa District Court for Polk County, Brent Pattison, District

Associate Judge.

 A mother appeals the termination of her parental rights. **AFFIRMED.**

 Sarah E. Dewein of Cunningham & Kelso, P.L.L.C., Urbandale, for appellant

mother.

 Thomas J. Miller, Attorney General, and Chandlor Collins, Assistant

Attorney General for appellee State.

 Magdalena Reese, attorney and guardian ad litem for minor child.

 Considered by Greer, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

The mother appeals the termination of her parental rights to N.B., born in 2018. The family came to the attention of the Iowa Department of Human Services (DHS) shortly after birth when the child tested positive for methamphetamine and amphetamines. The newborn child was removed from the family home but returned to the parents' custody in February 2020.

The family again came to the attention of the DHS in October 2020 when law enforcement executed a federal search warrant on the family home and discovered large amounts of methamphetamine, large amounts of cash, and other evidence of drug trafficking. The father was taken into custody and charged with state and federal crimes. The mother was not charged after the search, though she admitted using methamphetamine two days prior. The child was soon removed from the parents' custody again and then adjudicated a child in need of assistance.

The mother initially made progress addressing her mental-health and substance-abuse issues; however, she tested positive for methamphetamine in May 2021, and she began inconsistently engaging with services after that. The State petitioned to terminate parental rights, which proceeded to a hearing in September 2021. The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(g) and (h) (2021).[1] The mother appeals.

We review termination-of-parental-rights proceedings de novo.[2] Such

---

[1] The juvenile court also terminated the father's parental rights. He does not appeal.

[2] *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

proceedings follow a familiar three-step process of determining (1) whether statutory grounds for termination have been established, (2) whether termination is in the best interest of the children, and (3) whether the statutory exceptions of section 232.116(3) should preclude termination.[3]

First, the mother argues the State failed to prove a statutory ground for termination. "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."[4] We choose to address termination under section 232.116(1)(h), which allows the juvenile court to terminate parental rights if it finds all of the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother concedes the first two elements but disputes the third and fourth. As to the third element, the mother only argues termination was rushed, which "frustrates the purpose behind the statute." "While we recognize the law requires a 'full measure of patience with troubled parents who attempt to remedy a lack of parenting skills,' Iowa has built this patience into the statutory scheme of

---

[3] *In re P.L.*, 778 N.W.2d 33, 40–41 (Iowa 2010) (reciting the three-step process); *In re M.J.H.T.*, No. 17-1329, 2017 WL 6033879, at *2 (Iowa Ct. App. Dec. 6, 2017) (referring to the process as "a now familiar three-step analysis").
[4] *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

Iowa Code chapter 232."[5]  Eleven months elapsed between removal from the mother's care in October 2020 and the termination hearing in September 2021. This removal was continuous and exceeds the six months required under section 232.116(1)(h)(3), which the mother apparently recognizes by focusing on the "spirit" of the statute.  We find the third element satisfied both legally and in spirit.

As to the fourth element, the mother argues she has been addressing her mental-health and substance-abuse issues and her home is appropriate for the child.  The mother has a long history of substance abuse.  While the mother initially engaged in services, she began resisting testing and treatment around April 2021. On May 5, the mother provided a urine sample that tested positive for methamphetamine.  Beginning the final week of May, the mother agreed to meet with her substance-abuse and mental-health counselor weekly instead of monthly, even though she denied drug use in spite of the recent positive test.   However, she did not comply with the agreement.  Her attendance was sporadic, as she only met with her counselor five times from June until the September termination hearing.   The mother blamed the counselor for canceling or changing her appointments.  The juvenile court was skeptical of these claims, and, on our de novo review, we share that skepticism.  Since the positive test in May, the mother consistently ignored or outright refused DHS requests for drug testing, making service providers, the juvenile court, and us unable to verify her claims of sobriety.

---

[5] *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000) (quoting *In re D.A., Jr.*, 506 N.W.2d 478, 479 (Iowa Ct. App. 1993)).

The mother has also irregularly attended visitation. She did not schedule as much visitation as she could and often arrived late for visits, interfering with the child's bedtime.

Considering the mother's recent positive test, refusal to acknowledge her drug use, inconsistent attendance in treatment, unverified sobriety, and unreliable visitation, we find the fourth element satisfied, as the child could not be safely returned to the mother. We agree the State proved the ground for termination under section 232.116(1)(h).

Second, the mother argues termination is not in the child's best interests.[6] Here, the mother repeats her claims that she attends mental-health and substance-abuse treatment, her home is appropriate for the child, and she is nurturing during visitation. As explained above, the mother has inconsistently engaged in treatment, testing, and visitation in the months leading up to the termination hearing. We find termination is in the child's best interests.

Finally, the mother argues she proved that a permissive factor under section 232.116(3) should preclude termination.[7] The mother asserts her parental rights should not be terminated because a relative has legal custody of the child[8] and because she has "a uniquely positive bond and relationship" with the child.[9]

---

[6] *See* Iowa Code § 232.116(2).

[7] *See In re A.S.*, 906 N.W.2d at 475–76 (noting that application of the exceptions is permissive, not mandatory, and holding that the parent claiming an exception under section 232.116(3) has the burden of proving its applicability).

[8] *See* Iowa Code § 232.116(3)(a) (stating the court need not terminate parental rights if "[a] relative has legal custody of the child").

[9] *See* Iowa Code § 232.116(3)(c) (stating the court need not terminate parental rights if "termination would be detrimental to the child at the time due to the closeness of the parent-child relationship").

We are not persuaded by the mother's assertions.  It is true that a relative had custody of the child at the time of the termination hearing, but that fact alone is not compelling.[10]  The evidence established that the child is much more bonded to the relatives with whom the child has been placed than the child is with the mother.  This is not surprising, as this young child has lived with the relatives significantly longer than with the mother.  We see no persuasive evidence of a special bond between mother and child, which is also not surprising considering the child has only been in the mother's care for about eight months during her three years of life.  The relatives with whom the child is placed have brought reliability, stability, and consistency to the child while making sure all of her needs are met.  The same cannot be said for the mother.  Accordingly, we decline to apply either of the permissive factors relied upon by the mother, as doing so is not supported by the evidence and would not be in the child's best interests.

Finding the State proved a statutory ground for termination, termination is in the child's best interest, and no permissive factor prevents termination, we affirm the termination of the mother's parental rights.

**AFFIRMED.**

---

[10] *See In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997) (declining to apply the exception based on a relative having custody because "[a]n appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child.").